FILED
AUG 17 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CUDNER & O'CONNOR CO., an Illinois Corporation, | Case No. **05C 4736** |
| Plaintiff, | Judge **JUDGE LEINENWEBER** |
| v. | Magistrate Judge |
| SUN CHEMICAL CORPORATION, a Delaware Corporation, | JURY DEMANDED |
| Defendant. | **MAGISTRATE JUDGE LEVIN** |

## COMPLAINT

Plaintiff CUDNER & O'CONNOR CO. ("CUDNER"), for its Complaint against Defendant SUN CHEMICAL CORPORATION ("SUN CHEMICAL"), states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this Complaint by virtue of Title 28 U.S.C. §§1331, 1332 and 1338, and under its supplemental jurisdiction of 28 U.S.C. §1367, the Counts of which concern acts of trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1125(a); and trademark infringement and unfair competition under the common law of Illinois. Moreover, the parties are citizens of different states so as to also satisfy the requirements for diversity of citizenship. The amount in controversy in the present case exceeds the sum of $75,000.00, exclusive of interest and costs.

2. Venue is proper in this District under 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff CUDNER is an Illinois Corporation, having a principal place of business at 4035 West Kinzie Street, Chicago, IL 60624.

4. Defendant SUN CHEMICAL is a Delaware Corporation, having a principal place of business at 35 Waterview Boulevard, Parsippany, NJ 07054, as well as a place of business in this district located at 135 West Lake Street, Northlake, IL 60164.

5. This Court has personal jurisdiction over SUN CHEMICAL by virtue of, among other bases, its transacting of business in the State of Illinois, its engagement in tortious acts within the State of Illinois and elsewhere, and its overall contacts with the State of Illinois; all commensurate with the United States and Illinois Constitutions, so as to submit themselves to the jurisdiction and process of this Court.

## RELEVANT FACTUAL BASIS FOR THE PRESENT ACTION

6. CUDNER is an Illinois corporation engaged in the manufacture and sale of printing inks and coatings. CUDNER has used the SPECTRACURE trademark in interstate commerce since at least March, 1994 in association with printing ink products, and particularly screen printing ink products. CUDNER has manufactured, marketed, promoted, distributed and sold its screen printing ink products under the SPECTRACURE trademark continuously since that date. As a result, CUDNER is the owner of all right, title and interest in and to the SPECTRACURE trademark for printing inks in the United States.

7. Since 1994, CUDNER has developed substantial and valuable goodwill in its SPECTRACURE trademark through advertising, extensive industry support, the provision of superior customer support and a long history of providing high quality products. As a result, CUDNER has developed widespread recognition and secondary meaning in its SPECTRACURE

2

trademark both within the State of Illinois and throughout the United States, all of which has inured and continues to inure to CUDNER's substantial benefit.

8. SUN CHEMICAL is a business engaged in the manufacture, marketing and distribution of inks and pigments, including printing inks. Upon information and belief, SUN CHEMICAL has used, and continues to use, the SPECTRACURE trademark in connection with the sale of printing inks, both within the State of Illinois and throughout the United States.

9. SUN CHEMICAL has registered the SPECTRACURE trademark at the United States Patent and Trademark Office, without CUDNER's consent. U.S. Trademark Registration No. 2,073,818, covering the mark SPECTRACURE for printing inks in International Class 2, issued on June 24, 1997, based on an application filed on July 1, 1996, and claiming a date of first use in commerce of April 30, 1996. U.S. Trademark Registration No. 2,153,771, covering the mark SPECTRACURE for pigments and pigment dispersions in International Class 2, issued on April 28, 1998, based on an application filed on April 25, 1997, and claiming a date of first use in commerce of April 30, 1996. Notably, SUN CHEMICAL's claimed date of first use of the SPECTRACURE trademark in commerce is more than two (2) years later than the date on which CUDNER began using that trademark in commerce.

## COUNT I
## FEDERAL UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

10. This Count arises under an action for damages and injunctive relief pursuant to a violation of the federal laws on unfair competition and trademark infringement, particularly the Lanham Act, 15 U.S.C. §1125(a). Plaintiff herein adopts and reavers the allegations of paragraphs 1 through 9.

11. CUDNER has sold substantial quantities of goods under the SPECTRACURE trademark, over a time period exceeding eleven (11) years. The SPECTRACURE trademark has

3

become impressed upon the minds of the trade and public as identifying the goods of CUDNER, and as indicating the source of origin of products so sold and provided as emanating from CUDNER. CUDNER has built-up a large and valuable business in its use of the SPECTRACURE trademark, and the goodwill that inures to Plaintiff, and Plaintiff alone, is of great value to CUDNER.

12. As a result of CUDNER's long, widespread, continuous and extensive use of SPECTRACURE in interstate commerce, the SPECTRACURE trademark has developed and acquired distinctiveness and secondary meaning in the minds of the trade and public in the area of printing inks, and has come to indicate to the trade and public that the particular products bearing the SPECTRACURE trademark emanate from CUDNER. Moreover, CUDNER has continuously used the SPECTRACURE trademark in commerce for greater than five years, thereby giving rise to a presumption of distinctiveness and secondary meaning under federal law.

13. SUN CHEMICAL has utilized the SPECTRACURE trademark in interstate commerce in connection with the manufacture, sale and advertising of closely-related and/or competing goods throughout the United States and the world, including in Illinois. Upon information and belief, SUN CHEMICAL adopted and/or continues to use the SPECTRACURE trademark having full knowledge of CUDNER's prior rights in and to that mark. SUN CHEMICAL's unauthorized adoption and/or continued use of the SPECTRACURE trademark constitutes blatant, willful and wanton trademark infringement.

14. Through its unauthorized use of the SPECTRACURE trademark, SUN CHEMICAL has caused, and continues to cause, a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, or association of SUN CHEMICAL with CUDNER. Furthermore, use of the SPECTRACURE trademark by SUN CHEMICAL is likely to cause

confusion, mistake, and/or deception as to the origin, sponsorship or approval of SUN CHEMICAL's goods by CUDNER.

15. By reason of and as a direct result of these acts of trademark infringement and unfair competition by SUN CHEMICAL, CUDNER has suffered great and irreparable damage, the full extent of which is currently unknown, but which is believed to exceed $2,000,000 (Two Million Dollars). CUDNER will continue to suffer great and irreparable damage unless and until SUN CHEMICAL is enjoined by this Court.

## COUNT II
## CANCELLATION OF U.S. TRADEMARK REGISTRATION NOS. 2,073,818 AND 2,153,771

16. This Count arises under arises under an action for the cancellation of certain federal trademark registrations under 15 U.S.C. §1119. Plaintiff herein adopts and reavers the allegations of paragraphs 1 through 15.

17. Since at least as early as March, 1994, CUDNER has been the owner of all right, title and interest in and to the SPECTRACURE trademark for printing inks, based on CUDNER's use of that trademark in interstate commerce, also since at least as early as March, 1994. Pursuant to 15 U.S.C. §1052(d), SUN CHEMICAL is not, and has never been, entitled to federal registration of the SPECTRACURE trademark for identical and/or related goods.

18. This Court has the authority, pursuant to 15 U.S.C. §1119, to order the cancellation of SUN CHEMICAL's U.S. Trademark Registration Nos. 2,073,818 and 2,153,771, as SUN CHEMICAL's applications for registration of the SPECTRACURE trademark should have been refused by the U.S. Patent and Trademark Office, pursuant to 15 U.S.C. §1052(d).

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

19. This Count arises under an action for damages and injunctive relief pursuant to acts of trademark infringement and unfair competition under the common law of Illinois. CUDNER herein adopts and reavers the allegations of paragraphs 1 through 18.

20. Through CUDNER's long-standing, widespread, continuous and extensive use of its SPECTRACURE trademark in commerce, the SPECTRACURE trademark has become impressed upon the minds of the relevant trade and public as identifying the respective goods of CUDNER and as indicating the source of origin of products so marked as emanating from CUDNER. CUDNER has built-up a large and valuable business in its use of the SPECTRACURE trademark and the goodwill in it is of great value to CUDNER. The SPECTRACURE trademark has developed and acquired distinctive and secondary meaning in the minds of the trade and public, and has come to indicate, within the trade and to the public, that the particular products emanate from CUDNER and CUDNER alone.

21. SUN CHEMICAL has utilized a designation literally identical to CUDNER's SPECTRACURE trademark in interstate commerce, in connection with its manufacture, sale and advertising of printing inks. Upon information and belief, SUN CHEMICAL has used the SPECTRACURE trademark in its sales and advertising activities both within Illinois and throughout the United States. SUN CHEMICAL's unauthorized use of the SPECTRACURE trademark is likely to cause confusion in the marketplace between CUDNER's and SUN CHEMICAL's printing ink products being sold under that trademark. SUN CHEMICAL's misappropriation of CUDNER's SPECTRACURE trademark is in willful and wanton disregard of CUDNER's rights in and to same, and without CUDNER's consent.

22. By reason of and as a direct result of these acts of common law trademark infringement and unfair competition by SUN CHEMICAL, CUDNER has suffered great and irreparable damage, the full extent of which is currently unknown, but which is believed to exceed $2,000,000 (Two Million Dollars). CUDNER will continue to suffer great and irreparable damage unless and until SUN CHEMICAL is enjoined by this Court.

## PRAYER FOR RELIEF

A. For preliminary and permanent injunctive relief to be entered by this Court in favor of CUDNER and against SUN CHEMICAL for federal trademark infringement and unfair competition;

B. For judgment in a damage amount adequate to compensate CUDNER for its damages due to SUN CHEMICAL's acts of federal trademark infringement and unfair competition in the amount of at least Two Million Dollars;

C. For judgment that SUN CHEMICAL's acts of trademark infringement and unfair competition have been and remain willful and wanton, such that CUDNER is entitled to exemplary damages under 15 U.S.C. §1117 *et seq.*, corresponding to a trebling of the actual damages, in the amount of at least Six Million Dollars or an amount this Court finds just, to deter SUN CHEMICAL from future unfairly competitive and infringing conduct;

D. For judgment that SUN CHEMICAL's willful and wanton acts qualify this civil action as an "exceptional case" under 15 U.S.C. §1117; toward recovery of CUDNER's reasonable attorneys' fees, costs and expenses;

E. For a court order pursuant to 15 U.S.C. §1118 requiring that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of SUN CHEMICAL bearing the SPECTRACURE trademark be delivered up and destroyed;

F. For a court order pursuant to 15 U.S.C. §1119, ordering the cancellation of U.S. Trademark Registration Nos. 2,073,818 and 2,153,771;

G. For preliminary and permanent injunctive relief to be entered by this Court in favor of CUDNER and against SUN CHEMICAL for trademark infringement and unfair competition under the common law of Illinois;

H. For judgment in a damage amount adequate to compensate CUDNER for SUN CHEMICAL's acts of common law trademark infringement and unfair competition in the amount of at least Two Million Dollars; and

I. For such other and further relief as the Court may deem just and appropriate.

### JURY DEMAND

CUDNER respectfully demands a trial by jury for all of the counts of its Complaint.

Dated: August 17, 2005

Richard D. Harris
Jeffrey P. Dunning
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
(312) 456-8400
(312) 456-8435 (fax)

Attorneys for CUDNER & O'CONNOR CO.